**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CRIMINAL ACTION NO. 09-20-DLB-REW**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

vs.          **ORDER ADOPTING REPORT AND RECOMMENDATION**

**ROBERT D. PARKER**                                                                                **DEFENDANT**

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on the Magistrate Judge's recommendation (Doc. # 95) to deny Defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. # 75, 85). Defendant has filed lengthy objections to the Magistrate Judge's recommended disposition (Doc. # 100). The United States has not filed a response and the time to do so has now expired. The Magistrate Judge's Report and Recommendation and Defendant's objections thereto are, thus, ripe for review.

Pursuant to a written plea agreement, Defendant pled guilty to Count 7 of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1) by distributing 50 grams or more of cocaine base. (Doc. # 21). Within the plea agreement, Defendant agreed that he was subject to a statutory penalty of life imprisonment based on his two prior drug felonies that had been noticed by the United States pursuant to 21 U.S.C. § 851. (*Id.* ¶ 4; ). At sentencing, the undersigned determined that those drug felonies qualified as predicate offenses to trigger the mandatory penalty of life, but acknowledged that they were not "controlled substance offenses" to qualify as predicate offenses for career offender

1

designation under the guidelines. (*See* Doc. # 54 at 7). Instead, relying on the findings in the Presentence Report, the undersigned concluded that Defendant was a career offender based on two other crimes of violence. (*Id.* at 7-8). Based on Defendant's substantial cooperation, the government then presented a motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, which, when granted, freed the Court from its statutory obligation to impose a life sentence. After considering all relevant sentencing factors, the Court ultimately imposed a sentence of 150 months imprisonment and 6 years supervised release, a substantial departure from a life sentence.

Defendant filed a direct appeal to the Sixth Circuit Court of Appeals challenging this Court's determination that he was a career offender. (Doc. # 53). Specifically, Defendant challenged the Court's conclusion that his prior conviction of complicity to aggravated burglary qualified as a crime of violence for purposes of the career offender designation. The Sixth Circuit disagreed with Defendant's challenge, finding that this Court "did not plainly err in considering Parker's prior conviction of complicity to aggravated burglary a predicate offense on which his career offender enhancement could be based." (Doc. # 69 at 2). This Court's judgment was therefore affirmed. (*Id.*).

On December 4, 2012, Defendant filed a motion to vacate, set aside or correct his sentence. (Doc. # 75). Pursuant to local practice, that motion was referred to the presiding Magistrate Judge for consideration and preparation of a report and recommendation. Upon review, the Magistrate Judge had concerns about whether the motion was timely and in proper form. He ultimately concluded that the motion was timely (*See* Doc. # 95 at 1, n.3), but gave Defendant additional time resubmit the motion in proper form. Defendant complied, submitting a second § 2255 motion on March 8, 2013.

2

As the Magistrate Judge noted, Defendant's "§ 2255 motion is a lengthy and repetitive amalgam of allegations." (Doc. # 95 at 4). At its core, Defendant's motion challenges the application of the career offender designation at sentencing. (*Id.*). To the extent Defendant's § 2255 challenges anything other than errors related to sentencing, the Magistrate Judge found that those claims are barred by the appellate waiver in Defendant's plea agreement. (Doc. # 95 at 10). Defendant has not objected to this finding.

Because Defendant's appellate waiver specifically carved out challenges to sentencing, the Magistrate Judge reviewed the merits of Defendant's sentencing-related claims. To the extent Defendant challenged the Court's determination that he was a career offender, the Magistrate Judge found this argument was foreclosed by the Sixth Circuit Court of Appeals' decision on direct appeal affirming this Court's judgment. Additionally, the Magistrate Judge found that any other claims pertaining to the procedure Defendant was afforded at sentencing were procedurally defaulted because he failed to raise them on direct appeal.

Finally, the Magistrate Judge considered Defendant's claim that his counsel was ineffective at sentencing. As the Magistrate Judge put it,

> capturing each variant of criticism [Defendant] directs toward [his attorney] is no easy task. The complaints include, as earlier discussed, misadvice, untoward pressure, and rudeness. Murphy's lack of zealousness evinced an alleged (though unspecified) conflict of interest. More directly regarding the key sentencing aspects, Murphy purportedly did not convey Guideline operation, did not object to the Career Offender calculus, did not disclose information about the crimes of violence theory in a timely way, botched sentencing, and generally failed as an advocate.

(Doc. # 95 at 16).

3

The Magistrate Judge found that all of Defendant's ineffective assistance of counsel claims were entirely baseless. The Magistrate Judge concluded that Defendant's sworn statements at rearraignment clearly refuted his protestations that his counsel failed to convey to him the operation of the sentencing guidelines and, more importantly, the significant statutory penalty. Moreover, the Magistrate Judge held that counsel's decision *not* to challenge the career offender designation was a wise tactic. Defendants' counsel was well aware that Defendant's biggest problem was the daunting statutory penalty of life imprisonment. Defendant's only hope for a lesser sentence was to provide substantial assistance to the government with the hope that the government would, in turn, present a § 3553(e) motion. Which is exactly what occurred here. Counsel was thus indifferent to the career offender designation. And in any event, counsel was correct not to challenge the career offender designation because it was properly applied. Based on all of these findings, the Magistrate Judge recommends that Defendant's § 2255 be denied and that no certificate of appealability be issued because Defendant has not made a substantial showing that he was deprived of his constitutional rights.

Defendant's objections to the Magistrate Judge's recommended disposition are much like his original § 2255: they are lengthy, repetitive and somewhat incomprehensible. As best the Court can tell, Defendant remains upset with this Court's determination that he was subject to a statutory penalty of life imprisonment (before application of the § 3553(e) motion) and that he was a career offender. He's upset with the government because he believes they did not give him sufficient notice of the predicate offenses used to enhance his statutory penalty and the career offender designation. And he remains dissatisfied with his counsel for a host of reasons, including his purported failure to properly advise

Defendant about the predicate offenses used to enhance his sentence, failing to look into the facts of the offenses used to enhance his sentence, and failing to object to the career offender designation. None of these argument have merit.

The Court will start with Defendant's problems with his sentence. The Sixth Circuit Court of Appeals has already affirmed the Court's determination that Defendant was a career offender. (Doc. # 69). That is law of the case and will not be revisited on habeas review. And contrary to Defendant's protestation, the Court properly determined that he was subject to a statutory penalty of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). The government gave sufficient notice pursuant to 21 U.S.C. § 851 that Defendant faced this statutory penalty based on two prior felony drug convictions from Ohio. (Doc. # 17). While those convictions did not qualify as predicate offenses for career offender purposes, they did qualify as "prior convictions for a felony drug offense" under the enhancement provision of § 841(b)(1)(A). Defendant is simply confused about which felonies the Court relied on to make certain findings. To make it abundantly clear, the Court relied upon Defendant's felony drug offenses to enhance Defendant's penalty under § 841(b)(1)(A). The Court relied upon Defendant's convictions for aggravated robbery and complicity to aggravated burglary as "crimes of violence" to find he was a career offender.

Defendant is also misguided in his continued aggravation with the government for allegedly failing to give him proper notice of the predicate offenses used to enhance his statutory penalty and guideline calculation. Again, the government filed an § 851 notice in advance of Defendant entering his guilty plea, notifying him that he was subject to an enhanced statutory penalty under § 841(b)(1)(A) because of his prior felony drug offenses. Defendant's plea agreement at paragraph four also makes reference to these two prior

convictions which enhanced his statutory penalty. (Doc. # 50 at ¶ 4). Moreover, the government did not have a duty to disclose to him the felonies that would be used as predicate offenses for the career offender designation. In any event, Defendant was certainly aware of those felonies in advance of sentencing because they were listed in his presentence report, and he confirmed to the Court that he had reviewed the PSR prior to sentencing.

Finally, upon de novo review, the Court agrees with the Magistrate Judge's analysis of Defendant's claims of ineffective assistance of counsel. Because the Magistrate Judge's analysis adequately addresses each of Defendant's objections, the Court will simply rely on the R&R in denying the objections. But the Court also finds it prudent to highlight three points made by the Magistrate Judge.

First, Defendant was facing a statutory term of life imprisonment based on his prior felonies and the amount of drugs involved in his case. And because the statutory penalty exceeded Defendant's guideline sentence as a career offender (262 to 327 months), the statutory penalty *became* the guideline sentence. See U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). The undersigned only used Defendant's guidelines as a career offender as a point of reference in fashioning a sentence once the § 3553(e) motion was granted. As such, the career offender designation played a purely academic role at sentencing.

Second, because Defendant faced a mandatory term of life imprisonment, his counsel was wise to focus his efforts on finding a way to escape that mandatory penalty. The only way to do that was to encourage Defendant to cooperate with the government

with the hope that the government would file a § 3553(e) on his behalf. Fighting the career offender designation would have done nothing at all for Defendant because it was (a) correctly calculated, as the Sixth Circuit has held, and (b) it did not control his sentence. Counsel was not required to raise meritless arguments to avoid this charge of ineffective assistance of counsel. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

Third, contrary to Defendant's belief, counsel would have wasted his time if he investigated the underlying facts of Defendant's conviction for complicity to aggravated burglary to determine whether it qualified as a predicate "crime of violence." In determining whether a conviction qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a), the Court is to follow the "categorical approach" articulated in *Taylor v. United States*, 495 U.S. 575 (1990). *United States v. Bartee*, 529 F.3d 357, 359 (6th Cir. 2008). Under that approach, "the court must look *only* to the fact of conviction and the statutory definition-*not the facts underlying the offense*-to determine whether that definition supports a conclusion that the conviction was for a crime of violence." *Id.* The point of this approach is to prevent practical difficulties and unfairness of permitting a sentencing court to relitigate the facts of a prior conviction. *Id.* Because the Court would not have been permitted to consider the underlying facts of Defendant's prior convictions in determining whether he was a career offender, it would have been futile for Defendant's counsel to investigate these facts. His objection to the contrary, thus, has no merit.

Accordingly, for the reasons set forth herein,

**IT IS ORDERED** as follows:

(1) Defendant's objections to the Magistrate Judge's Report and Recommendation (Doc. # 100) are hereby **OVERRULED**;

(2) The Magistrate Judge's Report and Recommendation (Doc. # 95) is hereby **ADOPTED** as the Court's findings of fact and conclusions of law;

(3) Defendant's Motion to Vacate, Set Aside, or Correct Sentence (Docs. # 75, 85) is hereby **DENIED**;

(4) For the reasons set forth in Magistrate Judge's Report and Recommendation, a Certificate of Appealability **shall not be issued**;

(5) A Judgment in favor of the United States on Defendant's § 2255 shall be entered contemporaneously herewith; and

(6) This action is **STRICKEN** from the Court's active docket.

This 28th day of August, 2014.

Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\Ashland Criminal\2009\09-20 Order adopting R&R denying 2255.wpd